Louis S. Ederer
louis.ederer@arnoldporter.com
Matthew T. Salzmann
matthew.salzmann@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
(212) 836-8000

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

|  |  |  |
|---|---|---|
| DAVID YURMAN ENTERPRISES LLC and DAVID YURMAN IP LLC, | : : : : | Civil Action No. |
| Plaintiffs, | : : | **COMPLAINT** |
| - against - | : : : | |
| TECHNAORO, INC., XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10, | : : : | |
| Defendants. | : : | |

---------------------------------------------------------- x

Plaintiffs David Yurman Enterprises LLC and David Yurman IP LLC (collectively

"Yurman"), by and through their undersigned attorneys, complain of defendants TechnaOro, Inc.

("TechnaOro"), XYZ Companies 1-10, and John and Jane Does 1-10 (collectively

"Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      Yurman brings this action for injunctive relief and damages arising from

Defendants' knowing, intentional and pervasive acts of copyright infringement, trademark

counterfeiting and/or infringement, false designation of origin, dilution, and unfair competition,

in violation of the laws of the United States, and the statutory and common law of the State of

New York.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Yurman's claims predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, and the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

3.     This Court has subject matter jurisdiction over Yurman's claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as Yurman's federal claims.

4.     This Court has personal jurisdiction over TechnaOro because TechnaOro maintains its principal place of business within this judicial district, the complained-of acts of copyright infringement, trademark counterfeiting and/or infringement and trade dress infringement occurred within this judicial district, and TechnaOro's conduct has caused and continues to cause injury to Yurman in this judicial district.

5.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because TechnaOro is subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Yurman's claims herein occurred within this judicial district.

## THE PARTIES

6.     David Yurman Enterprises LLC is a limited liability company duly organized and existing under the laws of the State of Delaware and maintains its principal place of business at 24 Vestry Street, New York, New York.

7.     David Yurman IP LLC is a limited liability company duly organized and existing under the laws of the State of Delaware and maintains its principal place of business at 24 Vestry Street, New York, New York.

8.     Upon information and belief, TechnaOro is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 54 West 47th Street, Unit 3FE, New York, New York.

9.     Upon information and belief, TechnaOro is acting in conjunction with various business entities and individuals, denoted here as XYZ Companies 1-10, and John and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties become known, Yurman will amend the Complaint to include the names of these additional business entities and individuals.

## YURMAN'S VALUABLE INTELLECTUAL PROPERTY RIGHTS

10.     Yurman is a well-known designer, manufacturer and supplier of unique and distinctive fine jewelry and luxury watch designs sold under the DAVID YURMAN brand name. Since its inception in 1980, Yurman has set new standards for designing and marketing jewelry, infusing the disciplines of art and fashion into the jewelry design process.

11.     Yurman products are marketed to fashion-conscious consumers and are sold only through Yurman-owned and operated boutiques and authorized retailers, consisting of specialty retail stores and high-end department stores.  Yurman is well-known by consumers and the trade for the quality of its products, the innovation and uniqueness of its designs, and its technological developments in jewelry design.

## YURMAN'S COPYRIGHTED DESIGNS

12.     Yurman has registered numerous copyrights in its unique and innovative jewelry designs in the United States Copyright Office.  Among the jewelry designs Yurman has registered with the United States Copyright Office are the following:

| Yurman Copyrighted Design | Reg. No. | Date Issued |
|---|---|---|
|  | VAu 405-161 | May 3, 2012 |
|  | VA 1-038-299 | October 6, 1999 |
|  | VA 1-344-469 | May 5, 2005 |

The foregoing unique and innovative jewelry designs are hereinafter collectively referred to as the "Yurman Copyrighted Designs."

13.     Yurman owns all right, title and interest in and to the Yurman Copyrighted Designs, which constitute original and copyrightable subject matter under the Copyright Act.

14.     Yurman has duly complied with all relevant requirements of the Copyright Act with respect to the Yurman Copyrighted Designs.  Copies of the registration certificates covering the Yurman Copyrighted Designs, along with excerpts of the corresponding deposit materials, are attached hereto as **Exhibit A**.

<u>**YURMAN'S DESIGN MARKS**</u>

15.     Yurman is also the owner and registrant of several well-known design marks used in connection with DAVID YURMAN-brand jewelry products.

16.     Among the well-known and registered design marks Yurman owns and uses are the following:

(a)     U.S. Trademark Registration No. 4,655,095 for the following "Cable Classics" bracelet design:



for "Jewelry; Bracelets" in International Class 14, which was registered on December 16, 2014; and

(b)      U.S. Trademark Registration No. 5,025,164 for the following "Renaissance" bracelet design:



for "Jewelry; Bracelets" in International Class 14, which was registered on August 23, 2016 (the "Cable Classics" and "Renaissance" bracelet design marks are hereinafter collectively referred to as the "Yurman Design Marks").

17.      The Yurman Design Marks are in full force and effect, and each has become incontestable under Section 15 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1065. Copies of the certificates of registration for the Yurman Design Marks are attached hereto as **Exhibit B**.

18.      Yurman has extensively advertised and promoted its jewelry products embodying the Yurman Design Marks, and such jewelry products immediately indicate Yurman as the source of such jewelry products.

### **DEFENDANTS' WILLFULLY INFRINGING CONDUCT**

19.      Defendants are in the business of manufacturing, causing to be manufactured, sourcing, importing, distributing, advertising, promoting, offering for sale and/or selling numerous jewelry products under the "Meshmerise" and "Juvell" brand names that are

indistinguishable copies of and/or confusingly similar to original and well-known DAVID

YURMAN-brand jewelry pieces.

20.     Specifically, Defendants are manufacturing, causing to be manufactured,

sourcing, importing, distributing, advertising, promoting, offering for sale and/or selling, without

authorization or license from Yurman, the following articles of jewelry that are faithful copies of,

and are substantially similar in appearance to the original and unique Yurman designs that are

covered by the Yurman Copyrighted Designs, as shown below:

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| VAu 405-161 |  | <br>Juvell: 18K Plated Black Onyx Twisted Cable Cuff<br><br><br>Meshmerise: White Topaz Twisted Cable Cuff Bracelet<br><br><br>Juvell: 18K Plated White Topaz Twisted Cable Cuff<br><br><br>Juvell: 18K Plated Blue Topaz Twisted Cable Cuff<br><br><br>Juvell: 18K Two-Tone Plated Citrine Twisted Cable Cuff |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | |   Juvell: 18K Two-Tone Plated Twisted Cable Cuff Bracelet   Meshmerise: Two-Tone Twisted Cable Imitation Pearl Bracelet |
| VAu 405-161 |  |   Meshmerise: Twisted Cable Cuff Bangle   Juvell: 18K Two-Tone Plated Twisted Cable Bangle Bracelet |
| VAu 405-161 |  |   Meshmerise: Two-Tone Stainless Steel Twisted Cable Bangle Bracelet   Juvell: 18K Two-Tone Plated Twisted Cable Bangle Bracelet |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| VAu 405-161 |  |  Meshmerise: Two-Tone Twisted Cable X Cuff Bracelet  Juvell: 18K Two-Tone Plated Bangle |
| VAu 405-161 |  |  Meshmerise: Twisted Cable Bangle  Juvell: 18K Two-Tone Plated Bangle Bracelet |
| VAu 405-161 |  |  Juvell: 18K Two-Tone Plated Twisted Cable Bangle Bracelet  Meshmerise: Two-Tone Twisted Cable Cuff Bracelet |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | | Juvell: 18K Two-Tone Plated Twisted Cable Cuff Bracelet |
| VAu 405-161 | | Meshmerise: Two-Tone Twisted Cable Double Row X Cuff |
| | | Juvell: 18K Two-Tone Plated Twisted Cable Triple X Double Row Cuff |
| | | Juvell: 18K Plated Bangle Bracelet |
| | | Juvell: 18K Plated Bangle Bracelet |
| VAu 405-161 | | Meshmerise: Two-Tone Twisted Cable CZ Cuff Bangle |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Two-Tone Plated CZ Bangle |
| | |  Juvell: 18K Two-Tone Plated CZ Bangle |
| | |  Meshmerise: Pave CZ Twisted Cable Cuff Bracelet |
| | |  Juvell: 18K Two-Tone Plated CZ Twisted Cable Bangle Bracelet |
| | |  Juvell: 18K Two-Tone Plated Twisted Cable Bangle Bracelet |
| VAu 405-161 |  |  Meshmerise: Two-Tone Twisted Cable CZ X Cuff Bangle |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Two-Tone Plated CZ Twisted Cable Multi Row Cuff Bracelet |
| VA 1-038-299 |  |  Meshmerise: White Topaz Twisted Cable Cuff Bracelet <br><br>  Meshmerise: Two-Tone Twisted Cable Turquoise Cuff Bracelet <br><br>  Juvell: 18K Two-Tone Plated Turquoise Twisted Cable Cuff Bracelet <br><br>  Juvell: 18K Two-Tone Plated CZ Twisted Cable Bangle Bracelet |
| VA 1-344-469 |  |  Meshmerise: Twisted Cable Multi-Row Stone Cuff Bracelet |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | |  Juvell: Stainless Steel Gemstone Bangle <br><br>  Meshmerise: Topaz Twisted Cable Triple Layer Bangle <br><br>  Juvell: 18K Plated Topaz Twisted Cable Bangle Bracelet <br><br>  Meshmerise: Topaz Twisted Cable Triple Layer Bangle <br><br>  Juvell: 18K Plated Topaz Twisted Cable Bangle Bracelet <br><br>  Meshmerise: Two-Tone Gold Plated Pave CZ Twisted Multi-Row Cable Cuff Bracelet |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | |  Juvell: Stainless Steel CZ Bangle |
| | |  Meshmerise: CZ Twisted Cable Triple Layer Bangle |
| | |  Juvell: 18K Plated CZ Twisted Cable Bangle Bracelet |
| VA 1-344-469 |  |  Meshmerise: Multi Row Black Topaz Ring |
| | |  Juvell: 18K Two-Tone Plated Black Topaz Twisted Cable Multi Row Ring |
| | |  Meshmerise: Twisted Cable Two-Tone Statement Topaz Ring |

| Reg. No. | Yurman Copyrighted Designs | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Two-Tone Plated Gemstone Twisted Cable Multi Row Ring  Meshmerise: Two-Tone Twisted Cable Multi Row White Topaz Ring  Juvell: 18K Two-Tone Plated White Topaz Twisted Cable Multi Row Ring  Meshmerise: Multi Row CZ Ring |

The foregoing jewelry products, which are being advertised, promoted, offered for sale and/or sold through online luxury discount retailers such as Nordstrom Rack (Defendants' "Meshmerise"-branded products) and Rue La La (Defendants' "Juvell"-branded products), will hereinafter be referred to as the "Accused Copyrighted Products."

21.     Upon information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Yurman's rights in and to the Yurman Copyrighted Designs.

22.     Defendants are also manufacturing, causing to be manufactured, sourcing, importing, distributing, advertising, promoting, offering for sale and/or selling, without authorization or license from Yurman, the following articles of jewelry which are substantially indistinguishable from and/or confusingly similar to the Yurman Design Marks, as shown below:

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| 4,655,095 |  | <br>Meshmerise: Two-Tone Twisted Cable CZ & Blue Topaz Cuff Bracelet |
| | | <br>Juvell: 18K Two-Tone Plated Citrine CZ Twisted Cable Bangle Bracelet |
| | | <br>Juvell: 18K Two-Tone Plated Topaz CZ Twisted Cable Bangle Bracelet |
| | | <br>Juvell: 18K Two-Tone Plated White Topaz CZ Twisted Cable Cuff |
| | | <br>Juvell: 18K Gold Plated Twisted Cable Bangle Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Gold Plated Twisted Cable Bangle Bracelet  Juvell: 18K Gold Plated Twisted Cable Bangle Bracelet  Juvell: 18K Gold Plated Twisted Cable Bangle Bracelet  Juvell: 18K Gold Plated Twisted Cable Bangle Bracelet  Meshmerise: White Topaz Twisted Cable Cuff Bracelet  Meshmerise: Two-Tone Twisted Cable Turquoise Cuff Bracelet  Juvell: 18K Two-Tone Plated Turquoise Twisted Cable Cuff Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Two-Tone Plated CZ Twisted Cable Bangle Bracelet |
| | |  Meshmerise: Twisted Cable White Topaz Cap Cuff Bracelet |
| | |  Juvell: 18K Plated White Topaz Twisted Cable Bangle |
| | |  Juvell: 18K Plated Citrine Twisted Cable Cuff Bracelet |
| | |  Meshmerise: Twisted Cable Simulated Pearl Cuff Bracelet |
| | |  Juvell: Simulated Pearl Twisted Cable Bangle |
| | |  Meshmerise: Black Topaz End Twisted Cuff Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|----------|---------------------|----------------------|
| | |  Juvell: 18K Two-Tone Plated Black Topaz Bangle  Meshmerise: Two-Tone Wide White Topaz End Twist Cuff  Juvell: 18K Plated White Topaz Twisted Cable Cuff  Meshmerise: Two-Tone Wide Citrine End Twist Cuff  Juvell: 18K Plated Citrine Cuff  Meshmerise: Two-Tone Bezel Set Faceted Blue Topaz End Twisted Cable Cuff Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Two-Tone Plated Blue Topaz Bangle |
| | |  Juvell: Stainless Steel Purple Amethyst Bangle |
| | |  Juvell: 18K Two-Tone Plated Red Topaz Twisted Cable Bangle Bracelet |
| | |  Meshmerise: CZ End Twisted Cuff Bracelet |
| | |  Juvell: 18K Plated Topaz Twisted Cable Bangle Bracelet |
| | |  Juvell: 18K Plated Topaz Twisted Cable Bangle Bracelet |
| | |  Juvell: 18K Plated 1.00 ct. tw. Topaz Twisted Cable Bangle Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | | <br>Juvell: 18K Plated Faux Pearl Twisted Cable Bangle Bracelet |
| | | <br>Juvell: 18K Plated 1.00 ct. tw. Turquoise Twisted Cable Bangle Bracelet |
| 5,025,164 |  | <br>Juvell: 18k Two-Tone Plated Gemstone Bangle Bracelet |
| | | <br>Meshmerise: Twisted Cable White Topaz Cuff Bracelet |
| | | <br>Juvell: 18K Two-Tone Plated White Topaz Bangle |
| | | <br>Meshmerise: Twisted Cable Citrine Cuff Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | | <br>**Juvell:** Stainless Steel Citrine Bangle<br><br><br>**Meshmerise:** Twisted Cable Blue Topaz Cuff Bangle<br><br><br>**Juvell:** 18K Two-Tone Plated Blue Topaz Twisted Cable Bangle<br><br><br>**Juvell:** 18K Two-Tone Plated Topaz Twisted Cable Bangle Bracelet<br><br><br>**Juvell:** 18K Two-Tone Plated Amethyst Twisted Cable Bangle Bracelet<br><br><br>**Juvell:** 18K Two-Tone Plated Twisted Cable Cuff |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | |  Meshmerise: Twisted Cable Turquoise Cuff Bracelet  Juvell: 18K Two-Tone Plated Turquoise Bangle  Meshmerise: Two-Tone Twisted Cable Turquoise Cuff Bracelet  Juvell: 18K Plated Turquoise Bangle  Meshmerise: Two-Tone Twisted Black Topaz Cuff Bracelet  Juvell: Two-Tone Stainless Steel Onyx Twisted Cable Bangle Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|---|---|---|
| | |  Juvell: 18K Two-Tone Plated Black Topaz Twisted Cable Bangle Bracelet  Meshmerize: Blue Topaz End Twisted Cable Cuff Bracelet  Juvell: 18K Two-Tone Plated Blue Topaz Twisted Cuff Bracelet  Meshmerise: Citrine Twisted Cable Bangle  Juvell: 18K Two-Tone Plated Citrine Twisted Cable Bangle Bracelet  Juvell: 18K Two-Tone Plated White Topaz Twisted Cable Cuff Bracelet |

| Reg. No. | Yurman Design Marks | Defendants' Products |
|----------|--------------------|----------------------|
|  |  |  Juvell: 18K Two-Tone Plated Faux Pearl Bangle Bracelet  Meshmerize: 18K Gold Plated Stainless Steel Imitation Pearl Twisted Cable Bangle Bracelet |

The foregoing jewelry products, each of which is substantially indistinguishable from and/or confusingly similar to the corresponding Yurman Design Mark, and which are being advertised, promoted, offered for sale and/or sold through online luxury discount retailers such as Nordstrom Rack (Defendants' "Meshmerise"-branded products) and Rue La La (Defendants' "Juvell"-branded products), will hereinafter be referred to as the "Accused Trademarked Products."

23.     Upon information and belief, Defendants' infringing activities as described above have caused, and are likely to continue to cause confusion, deception, and mistake in the minds of consumers, the public and the trade.  Moreover, Defendants' pervasive wrongful conduct has created and is likely to create a false impression and deceive customers, the public, and the trade into believing that there is some sponsorship, authorization, or association between Yurman and Defendants, and/or the Accused Trademarked Products.  Accordingly, Yurman's customers and potential customers have been and will likely continue to be confused about the origin and sponsorship of the products being offered for sale and/or sold by Defendants.

24.     Upon information and belief, Defendants have been engaging in the above-described unlawful activities with respect to the Yurman Design Marks knowingly and

intentionally, or with reckless disregard for Yurman's rights, for the purpose of trading on the incalculably valuable goodwill and reputation of the Yurman Design Marks.

25.     Upon information and belief, at all times relevant hereto, Defendants knew or should have known of Yurman's ownership of the Yurman Design Marks, including Yurman's exclusive right to use the Yurman Design Marks and enjoy the substantial goodwill associated therewith.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

26.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     Yurman is the owner of the Yurman Copyrighted Designs.

28.     Defendants, without authorization from Yurman, have distributed, advertised, promoted, offered for sale and sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Yurman Copyrighted Designs, including, without limitation, the Accused Copyrighted Products.

29.     Defendants thereby have willfully infringed and are continuing to willfully infringe Yurman's rights in and to the Yurman Copyrighted Designs.

30.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

31.     Upon information and belief, Defendants intend to continue their willfully infringing acts, and will continue to willfully infringe the Yurman Copyrighted Designs and to act in bad faith, unless restrained by this Court.

32.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

33.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1
through 32 above as if fully set forth herein.

34.     Yurman is the owner of the Yurman Design Marks.

35.     Defendants have used in commerce marks that are identical to or substantially
indistinguishable from the Yurman Design Marks in connection with goods for which Yurman
holds U.S. trademark registrations.  Defendants have knowingly used these spurious marks for
their own personal financial gain.

36.     Yurman has not authorized Defendants' use of the Yurman Design Marks and,
upon information and belief, Defendants' use of the Yurman Design Marks has caused, is
intended to cause and is likely to continue to cause confusion, mistake and deception among the
general consuming public and the trade as to the source of Defendants' jewelry products, or as to
a possible affiliation, connection or association between Yurman and Defendants.

37.     Defendants have acted with knowledge of Yurman's ownership of the Yurman
Design Marks, and with the deliberate intent to unfairly benefit from the substantial goodwill
represented thereby.

38.     Defendants' acts as described herein constitute willful trademark counterfeiting in
violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Upon information and belief, by their willful acts, Defendants have made and will
continue to make substantial profits and gains as to which they are not in law or equity entitled.

40.     Upon information and belief, Defendants intend to continue their unlawful
conduct, and to willfully counterfeit the Yurman Design Marks, unless restrained by this Court.

41.    Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

42.    Defendants' intentional and egregious infringing conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

43.    Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above as if fully set forth herein.

44.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

45.    The Yurman Design Marks are federally registered and are distinctive and exclusively associated in the mind of the public with Yurman.

46.    Defendants have willfully used the Yurman Design Marks without Yurman's consent or authorization.  Defendants' unauthorized use, including, without limitation, the promotion and sale of counterfeit and/or infringing Yurman jewelry products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' jewelry products emanate from or originate with Yurman, that Defendants' products are Yurman products, or that Yurman has approved, sponsored or otherwise associated itself with Defendants.

47.    Through their unauthorized use of copies of the Yurman Design Marks, Defendants are unfairly benefiting from Yurman's advertising and promotion of jewelry

embodying the Yurman Design Marks.  This has resulted in substantial and irreparable injury to

the public, Yurman, the Yurman Design Marks, and Yurman's business reputation and goodwill

48.     Defendants' acts as described herein constitute willful trademark infringement in

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.     Upon information and belief, by their actions, Defendants intend to continue their

unlawful conduct, and to willfully infringe the Yurman Design Marks, unless restrained by this

Court.

50.     Upon information and belief, by their willful acts, Defendants have made, and

will continue to make substantial profits and gains to which they are not in law or equity entitled.

51.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to

irreparably harm Yurman, and Yurman has no adequate remedy at law.

52.     Defendants' intentional and egregious infringing conduct makes this an

exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

**FOURTH CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

53.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1

through 52 above as if fully set forth herein.

54.     Upon information and belief, Defendants' aforementioned use of marks that are

substantially indistinguishable from and/or confusingly similar to the Yurman Design Marks has

caused, is intended to cause, and is likely to continue to cause confusion, mistake, and deception

among the general consuming public and the trade as to the source of Defendants' jewelry

products embodying the Yurman Design Marks, or as to a possible affiliation, connection, or

association between Yurman and Defendants.

55.     Defendants' acts constitute willful false designation of origin in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their goods unless restrained by this Court.

57.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

58.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

59.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 58 above as if fully set forth herein.

60.     Defendants' acts constitute willful trademark infringement under the common law of the State of New York.

61.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully infringe the Yurman Design Marks, unless restrained by this Court.

62.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

63.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

64.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 63 above as if fully set forth herein.

65.     Defendants' acts constitute willful unfair competition under the common law of

the State of New York.

66.     Upon information and belief, by their actions, Defendants intends to continue their acts of willful unfair competition unless restrained by this Court.

67.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

68.     Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## DILUTION (New York General Business Law § 360-l)

69.     Yurman repeats and realleges each and every allegation set forth in paragraphs 1 through 68 above as if fully set forth herein.

70.     Yurman has strong trademark rights in each of the Yurman Design Marks, which trademarks have acquired secondary meaning, and are capable of being diluted.

71.     Defendants' activities as alleged above have created and continue to create a likelihood of injury to Yurman's image and reputation for the provision and sale of authentic, high quality jewelry goods, to dilute the distinctive quality of the Yurman Design Marks, and to tarnish the reputation of the Yurman Design Marks through the promotion and sale of low quality, replica jewelry products, in violation of the Section 360-l of the General Business Law of the State of New York.

72.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully dilute the Yurman Design Marks, unless restrained by this Court.

73.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

74.    Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Yurman, and Yurman has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Yurman demands judgment against Defendants as follows:

1.    For judgment that Defendants have:

    (a)    willfully infringed the Yurman Copyrighted Designs in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501;

    (b)    willfully counterfeited the Yurman Design Marks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (c)    willfully infringed the Yurman Design Marks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (d)    willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to Yurman;

    (e)    willfully infringed the Yurman Design Marks in violation of the common law of the State of New York;

    (f)    engaged in unfair competition as against Yurman in violation of the common law of the State of New York; and

    (g)    willfully diluted the Yurman Design Marks in violation of Section 360-l of the General Business Law of the State of New York.

2.    That Defendants, and all of those acting in concert with them, including their respective agents and servants, be permanently enjoined from designing, manufacturing, importing, exporting, advertising, purchasing, offering for sale, selling, promoting, or marketing the Accused Copyrighted Products, or any products that bear a design or combination of design elements that are substantially similar to the Yurman Copyrighted Designs.

3.      That Defendants, and all of those acting in concert with them, including their respective agents and servants, be permanently enjoined from designing, manufacturing, importing, exporting, advertising, purchasing, offering for sale, selling, promoting, or marketing any item bearing the Yurman Design Marks, or making any unauthorized use of the Yurman Design Marks, any other mark that is confusingly similar to the Yurman Design Marks, including without limitation the Accused Trademarked Products.

4.      That Defendants be required to recall all Accused Copyrighted Products and Accused Trademarked Products, and any artwork, packaging, advertising and promotional materials in which they appear, and thereafter to deliver up for destruction all Accused Copyrighted Products and Accused Trademarked Products, artwork, packaging, advertising and promotional materials, and any means of making such products, pursuant to Section 503 of the Copyright Act of 1976, as amended (17 U.S.C. § 503), and Section 36 of the Lanham Act, as amended (15 U.S.C. § 1118).

5.      That Defendants be directed to file with the Court and serve upon Yurman within thirty (30) days after service of the judgment upon them, a written report under oath setting forth in detail the manner in which they have complied with the requirements set forth above in paragraphs 2 through 4 above.

6.      That Defendants be directed to account to Yurman for all gains, profits and advantages derived from their wrongful acts pursuant to Section 504(b) of the Copyright Act of 1976, as amended (17 U.S.C. § 504(b)), and Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

7.      That Defendants pay to Yurman any damages sustained by Yurman by reason of their purposefully wrongful acts, together with interest thereon, pursuant to Section 504(b) of the

Copyright Act of 1976, as amended (17 U.S.C. § 504(b)), and Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

8.      That Yurman be awarded statutory damages of (a) not less than $750 or more than $30,000 per infringed work pursuant to 17 U.S.C. § 504(c)(1) or, (b) upon a finding of willful infringement pursuant to 17 U.S.C. § 504(c)(2), up to $150,000 per infringed work.

9.      That Defendants pay damages for their conduct alleged herein in a sum equal to three times the amount of the actual damages suffered by Yurman and/or the profits realized by Defendants, pursuant to Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

10.     In the alternative, and at Yurman's election, that Yurman be awarded statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 per mark.

11.     That Defendants pay to Yurman its reasonable attorneys' fees incurred in connection with this action, pursuant to Section 505 of the Copyright Act of 1976, as amended (17 U.S.C. § 505), and pursuant to Section 35 of the Lanham Act, as amended (15 U.S.C. § 1117).

12.     That Defendants pay to Yurman the costs and disbursements of this action pursuant to Section 505 of the Copyright Act of 1976, as amended (17 U.S.C. § 505), and pursuant to Section 35 of the Lanham Act, as amended (15 U.S.C. §1117).

13.     That Yurman be awarded pre-judgment interest on any monetary award made part of the judgment against Defendants.

14.     That Yurman be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
      May 11, 2022

ARNOLD & PORTER KAYE SCHOLER LLP

By:     /s/ Louis S. Ederer
        Louis S. Ederer
        louis.ederer@arnoldporter.com
        Matthew T. Salzmann
        matthew.salzmann@arnoldporter.com
        250 West 55th Street
        New York, New York 10019
        (212) 836-8000

*Attorneys for Plaintiffs David Yurman*
*Enterprises LLC and David Yurman IP LLC*